IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BAKER & ANGELA BAKER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PATRICK MCGAHREN, HOWARD ) <br> SCHWARTZ and UNICYN FINANCIAL ) <br> COMPANIES LLC, a New Jersey Limited ) <br> Liability Company, ) <br> ) <br> Defendants. ) <br> ) | Case No. 07 C 6368 <br><br> Judge Leineneweber <br><br> Magistrate Judge Ashman |

## DEFENDANTS' AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446, Defendants Patrick McGahren, Howard Schwartz, and Unicyn Financial Companies LLC ("Defendants") hereby file this Amended Notice of Removal to correct the citizenship of Defendant Patrick McGahren. The amendment does not affect Defendants' grounds for removal or the fact that Defendants have timely removed this action.[1] The grounds for this removal are as follows:

## PROCEDURAL HISTORY

1.  On February 20, 2007, Plaintiffs Thomas Baker and Angela Baker ("Plaintiffs") filed a Complaint against Defendants Patrick McGahren and Howard Schwartz in the Circuit Court of Cook County in the State of Illinois (07 L 1900). The Complaint was a civil action

---

[1] It is well established that a defendant may amend its removal petition to cure jurisdictional defects, even if such an amendment occurs after the initial 30-day removal period set forth in 28 U.S.C. § 1446. As the Seventh Circuit has explained, "even after the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. § 1653." Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). Many courts in this District have reiterated this point. Milford v. Commercial Carriers, Inc., No. 99-C-5979, 1999 WL 1295130, at *1 (N.D. Ill. Dec. 15, 1999) (permitting amended notice of removal); Schweihs v. Burdick, No. 94-C-7106, 1995 WL 124267, at *2 (N.D. Ill. Mar. 20, 1995) (denying motion to remand because amended notice of removal clarified that there was complete diversity of citizenship); Illinois Psychiatric Hosp. Co. v. Cook, No. 92-C-6373, 1992 WL 368053, at *4 (N.D. Ill. Dec. 1, 1992) (stressing that defects in a timely notice of removal "may be cured by an amended or supplemental Notice of Removal, even if the amendment is filed after the expiration of the thirty day time period as the amendment will relate back to the original filing"). See also Wright & Miller, Federal Practice & Procedure, Vol. 14C, § 3733 (noting that "numerous illustrative cases" permit an amended notice of removal to correct errors such as imperfect statements of citizenship).

brought under the Illinois Wage Payment and Collection Act ("Wage Act").  Plaintiffs did not request damages in excess of $75,000, exclusive of interest and costs, so Defendants did not remove the action.  (A true and accurate copy of the 2/20/07 Summons and Complaint is attached to Defendants' Notice of Removal filed on 11/9/07 as Exhibit 1).

   2. On July 16, 2007 Plaintiffs filed a Complaint against Defendant Unicyn Financial Companies LLC ("Unicyn") in the Circuit Court of Cook County in the State of Illinois. (07 L 7380)  The Complaint was a civil action brought under the Illinois Wage Act.  Plaintiffs did not request damages in excess of $75,000, exclusive of interest and costs, so Defendants did not remove the action.  (A true and accurate copy of the 7/16/2007 Summons and Complaint is attached to Defendants' Notice of Removal filed on 11/9/07 as Exhibit 2).

   3. On October 4, 2007 an Agreed Order was entered consolidating Plaintiffs' action against Unicyn (07 L 7380) into Plaintiffs' action against McGahren and Schwartz (07 L 1900). (A true and correct copy of the 10/4/07 Order is attached to Defendants' Notice of Removal filed on 11/9/07 as Exhibit 3).

   4. On October 11, 2007, Defendants received Notice of Plaintiffs' Motion to File an Amended Complaint along with a copy of the proposed Amended Complaint. (A true and correct copy of Plaintiffs' Motion for Leave to File an Amended Complaint is attached as Defendants' Notice of Removal filed on 11/9/07 as Exhibit 4).  The proposed Amended Complaint combined the causes of action asserted in the separate lawsuits into a single pleading, added additional counts for breach of contract and fraud, and increased the amount of requested damages. Plaintiffs Motion for leave to File an Amended Complaint was granted on October 16, 2007.  (A true and accurate copy of the 10/16/2007 Order is attached to Defendants' Notice of Removal filed on 11/9/07 as Exhibit 5).

5. On October 16, 2007 Plaintiffs Thomas Baker and Angela Baker filed the Amended Complaint in the above captioned action against Defendants in the Circuit Court of Cook County in the State of Illinois. (Case No. 07 L 1900) (A true and accurate copy of Plaintiffs' Amended Complaint is attached to Defendants' Notice of Removal filed on 11/9/07 as Exhibit 6).

## GROUNDS FOR REMOVAL

6. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7. Under Section 1446(b)

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

8. This Court has original diversity jurisdiction over this action pursuant to section 1332(a)(1) because Plaintiffs' Amended Complaint is a civil action between citizens of different

states and involves an amount in controversy in excess of $75,000, exclusive of interest and costs.

9. First, there is diversity of citizenship between the parties in this action. Plaintiffs are residents of Illinois. Defendant Patrick McGahren is a resident of New Jersey. Defendant Howard Schwartz is a resident of New Jersey and Defendant Unicyn Financial Companies LLC ("Unicyn") is a limited liability corporation incorporated in New Jersey with its principal place of business in Closter, New Jersey.

10. Second, the amount in controversy exceeds $75,000, exclusive of interest and costs. In their Amended Complaint, plaintiffs allege that "as of the date of Thomas' resignation, Unicyn owed Thomas additional Wages on funded transactions in the amounts of at least $67,343." (Amended Compl. ¶ 43). Plaintiffs also allege that "Unicyn owed Thomas additional wages with respect to transactions consummated after June 19, 2006 by Unicyn, including its agents, successors, assigns, and anyone acting or purporting to act on its behalf, for which Thomas was procuring cause." (*Id.*). Additionally, Plaintiffs allege that as of the date of Angela's resignation, Unicyn owed her gross Wages on funded transactions in the amount of at least $29,314." (*Id.* ¶ 44). Plaintiffs further allege that "Unicyn owed additional Wages with respect to transactions consummated after June 19, 2006 by Unicyn, including its agents, successors, assigns and anyone acting or purporting to act on its behalf, for which Angela was the procuring cause." (*Id.*). Finally, Count VIII, Plaintiffs request that the Court "award [Plaintiffs] compensatory and punitive damages" against Defendants. (*Id.* Count VIII). On these alleged facts, Defendants reasonably believe and aver that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

- 5 -

11. Defendants' original Notice of Removal was filed within 30 days of the date on which the Defendants received Plaintiffs' Motion For Leave to File an Amended Complaint and proposed Amended Complaint, and accordingly, became aware that there is diversity among the parties in this action and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Defendants' original Notice of Removal was filed within one year of the commencement of this action in accordance with § 1446(b).

13. The United States District Court for the Northern District of Illinois is the federal judicial district accompanying the Circuit Court of Cook County, Illinois, where the suit was originally filed. Venue therefore is proper in this district pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(a), Defendants attached all process; pleadings, and orders that were served upon defendants in this action in their original Notice of Removal.

15. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Amended Notice of Removal on Plaintiffs and will promptly file a copy of this Amended Notice of Removal with the Clerk of Cook County in the State of Illinois.

- 6 -

Dated: November 16, 2007                    Respectfully submitted,

    /s Diane R. Sabol
Andrew S. Rosenman (ARDC #6230148)
Diane R. Sabol (ARDC # 6278369)
MAYER BROWN LLP
71 South Wacker
Chicago, IL  60606-4637
(312) 782-0600
(312) 701-7711 – Facsimile

Randall C. Schauer
FOX ROTHSCHILD LLP
747 Constitution Dr., Suite 100
Exton, PA 19341

*Attorneys for Defendants PATRICK MCGAHREN, HOWARD SCHWARTZ and UNICYN FINANCIAL COMPANIES, LLC, a New Jersey Limited Liability Company*

- 7 -

## CERTIFICATE OF SERVICE

    I, Diane R. Sabol, an attorney, hereby certify that on November 16, 2007, a copy of the foregoing Amended Notice of Removal To the United States District Court For the Northern District of Illinois, Eastern Division was served upon the party listed below via first-class mail, postage pre-paid.


                                                s/ Diane R. Sabol
                                                Diane R. Sabol

Paul A. Greenberg, Esq.
Howard J. Fishman, Esq.
ARONBERG, GOLDGEHN DAVIS & GARMISA
300 North Wabash Avenue, Suite 3000
Chicago, Illinois 60611