# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Baker & Angela Baker,<br>Plaintiffs | ) ) ) | No. 07C – 6368 |
| v. | ) ) | Judge Leinenweber |
| Patrick McGahren, Howard Schwartz and<br>Unicyn Financial Companies, LLC, a New<br>Jersey limited liability company, | ) ) ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Defendants, Howard Schwartz ("Defendant" or "Schwartz"); Patrick McGahren

("McGahren") and Unicyn Financial Companies, LLC ("Unicyn") (collectively "Defendants")

answer the First Amended Complaint at Law filed by Plaintiffs Thomas Baker and Angela Baker

(collectively referred to herein as "Plaintiffs") as follows:

### PARTIES, JURISDICTION & VENUE

1.      Plaintiffs, Thomas Baker ("Tom") and Angela Baker ("Angela") (hereinafter
collectively referred to as the "Bakers" or "Plaintiffs"), are individuals residing in the State of
Illinois.

ANSWER:  On information and belief, admitted.


2.      Plaintiffs are informed and believe that Defendant, Patrick McGahren
("McGahren"), is an individual residing in the State of Pennsylvania.

ANSWER: Denied.  It is denied that Defendant Patrick McGahren is an individual

residing in the State of Pennsylvania.


3.      Plaintiffs are informed and believe that Defendant, Howard Schwartz
("Schwartz"), is an individual residing in the State of New Jersey.

ANSWER: Admitted.

4.    Plaintiffs are informed and believe that Defendant, Unicyn Financial Companies, LLC, ("Unicyn"), is a limited liability company residing in the State of New Jersey.

ANSWER:  Admitted.

5.    Jurisdiction and venue are proper in Cook County, Illinois because Defendants employed, as that term is defined in the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.*) (the "Wage Act"), Plaintiffs in Cook County, Illinois, violated the Wage Act in Cook County, Illinois, solicited Plaintiffs' employment in Cook County, Illinois, paid wages to Plaintiffs here, breached a contract in Illinois and committed torts here.

ANSWER:  Denied as a conclusion of law to which no responsive pleading is required.

## BACKGROUND

6.    Prior to joining Unicyn, Angela and Tom (sometimes collectively referred to as the "Bakers"), were employed by HPSC, Inc. ("HPSC") as sales representatives. Tom had been employed by HPSC since 1995, and Angela since 2003.

ANSWER:  On information and belief, it is admitted that prior to joining Unicyn, Angela and Tom Baker were employed by HPSC, Inc.  Answering defendants are unable to admit or deny the length of employment, or dates of hire of the Bakers by HPSC.

7.    HPSC provides financing to healthcare professionals (internists, radiologists, OB/GYN doctors, ophthalmologists, dermatologists, dentists, chiropractors, cosmetic surgeons, veterinarians, orthopedists and community health practitioners) throughout the United States. It provides both medical equipment financing as well as non-equipment financing, such as practice finance, leasehold improvements and debt consolidation. Unicyn was a competitor of HPSC's in this industry.

ANSWER:  Admitted.

8.    At all times relevant hereto, McGahren and Schwartz, were the President and Chief Executive Officer of Unicyn, respectively. McGahren and Schwartz were principally responsible for all of Unicyn's business and financial decisions, including ensuring that Unicyn paid Plaintiffs' wages.

ANSWER:  It is admitted that for a period of time, McGahren was Unicyn's President and Howard Schwartz its Manager.  It is denied that McGahren and Schwartz were principally responsible for all of Unicyn's business and financial decisions, particularly insuring that Unicyn

2

paid Plaintiffs' wages.  By way of further response, McGahren resigned as an employee of

Unicyn effective April 1, 2006, and had no responsibilities with regard to Unicyn thereafter,

including but not limited to business and financial decisions.

9.      In early 2005, McGahren and Schwartz began negotiating with the Bakers, as well
as several of their colleagues at HPSC, to join Unicyn.

ANSWER:  Admitted.

10.     Although the base compensation and benefits offered to the Bakers was
significantly less than what they were earning at HPSC, Defendants offered the Bakers and their
colleagues something that they did not have at HPSC, i.e., the opportunity to acquire an equity
stake in Unicyn.

ANSWER:  Defendants are unable to admit or deny the allegations of this paragraph and

therefore they are denied.

11.     Specifically, the Bakers' employment agreement (the "Employment Agreement")
with Unicyn provided that, [a]s a special inducement for you to join the Unicyn team, we will
provide you with two separate opportunities to acquire Class B units.  The two grants will be
referred to as Membership Interest Option Grant One and Membership Interest Option Grant
Two." (Ex. 1, the Employment Agreement, p.2.)

ANSWER:  The allegations in this Paragraph attempt to characterize a written document

that speaks for itself and are, therefore, specifically denied.

12.     The Bakers' opportunity to acquire an equity interest in Unicyn under
Membership Interest Option Grant Two was, in part, tied to the length of time that Unicyn
remained in business.

ANSWER:  The allegations in this Paragraph attempt to characterize a written document

that speaks for itself and are, therefore, specifically denied.

13.     With respect to Membership Interest Option Grant One, the Bakers were granted
the immediate right to acquire 500,000 Class B Units "[i]f Unicyn [w]as sold prior to full vesting
and [the Bakers were] both full-time employees on the date of such sale ..." (Ex. 1, p.3.)

ANSWER:  The allegations in this Paragraph attempt to characterize a written document

that speaks for itself and are, therefore, specifically denied.

3

EX1 202174v5 11/15/07

14.    At the time, Defendants were attempting to induce the Bakers and their colleagues to leave HPSC and join Unicyn, the Bakers are informed and believe that Defendants were simultaneously attempting to sell Unicyn to LEAF. Financial Corporation ("Leaf").

ANSWER:  It is denied that the Defendants were attempting to induce the Bakers and their colleagues to leave HPSC and join Unicyn.  It is denied that as of the period prior to the employment of the Bakers, Unicyn was simultaneously attempting to affect a purchase by Leaf Financial Corporation ("Leaf").  By way of further response, the Bakers had invited Unicyn to meet with them for purposes of leaving HPSC and joining Unicyn, as the Bakers have done with other similarly situated companies in the business of providing specialized financial products to the healthcare industry and other commercial enterprises.

15.    The Bakers were unaware that Defendants were attempting to sell Unicyn at the time that they were induced to join Unicyn and would never have joined Unicyn had Defendants disclosed these facts to them.

ANSWER:  As to what the Bakers may have been aware or unaware of, Defendants are unable to respond and, therefore, said allegation is denied.  With regard to the implication that Defendants were attempting to sell Unicyn at the time they were discussing employment with the Bakers, said allegation is denied.  With regard to what the Bakers would have done had they known something that was not true to begin with, Defendants are unable to admit or deny same and the same is denied.

16.    Defendants' true purpose and motivation for hiring the Bakers and their colleagues was, on information and belief, to make Unicyn more attractive to Leaf.

ANSWER:  Denied.  It is denied that the Defendants were attempting to hire the Bakers to make Unicyn more attractive to Leaf.

17.    Defendants further represented to the Bakers and their colleagues that Unicyn had a vast array of resources at its disposal to fund the numerous loans that the Bakers and their colleagues anticipated procuring.

4

ANSWER:  Denied.  It is denied that the Defendants represented to the Bakers that they

had a vast array of resources at their disposal for purposes of funding the business that the

Bakers or their colleagues might procure.  It is admitted that Unicyn had the ability to fund the

leases or loans originated by the Bakers.

18.    Defendants also represented to the Bakers that Unicyn's legal counsel had
reviewed the Bakers' employment agreement with HPSC and that the Bakers would not be
breaching that agreement by joining Unicyn. To assure the Bakers of this fact, Unicyn agreed to
compensate the Bakers for a specified amount of attorney's incurred by the Bakers in defending
any lawsuit brought by HPSC.

ANSWER:  Denied.  It is denied that Defendants represented to the Bakers that legal

counsel for Unicyn had reviewed the Bakers employment agreement with HPSC and that they

would not be breaching that agreement by joining Unicyn.  It is also denied that Unicyn agreed

to compensate the Bakers for a specified amount of attorney's fees in defending any lawsuit filed

by HPSC for purposes of assuring the Bakers of this fact.  Rather, said agreement as to attorney's

fees was reached at the request of the Bakers.

19.    On July 6, 2005, Thomas and Angela signed an employment agreement (the
"Employment Agreement") with Unicyn. (Ex. 1, the Employment Agreement.)  At all relevant
times, Unicyn was in the business of, among other things, providing specialized financial
products to the healthcare industry and other commercial enterprises on a national basis.

ANSWER:  Admitted.

20.    Shortly after executing the Employment Agreement, on or about July 15, 2005,
Plaintiffs began working for Unicyn as sales representatives.

ANSWER:  Admitted.

21.    Under the terms of the Employment Agreement, Unicyn was obligated to pay
Thomas and Angela a base salary plus commissions (collectively referred to as "Wages") during
the term of their employment, as well as commissions on all transactions funded after the
termination of their employment for which they were the procuring cause.

ANSWER:  The terms of the Employment Agreement are embodied in the writing

attached to the Complaint as Ex. 1.  Plaintiffs' characterizations of the document are denied as

5

legal conclusions to which no responsive pleading is required. The document speaks for itself. By way of further response, Plaintiffs' characterization is inaccurate and, in fact, the Plaintiffs were paid, cumulative, based upon commissions against a base salary. The remaining allegations in Paragraph 6 are denied.

22.     Defendants multiple representations to the Bakers all turned out to be completely false. Shortly after joining Unicyn, HPSC, which had been acquired by General Electric, sued not only the Bakers, but also the Bakers' colleagues and Unicyn in Texas and California.

ANSWER: It is denied that Defendants made any representations to the Bakers that were false. It is admitted that HPSC filed suit against the Bakers as well as other Unicyn employees located in Texas and California.

23.     In these lawsuits, HPSC sought to enjoin the Bakers, their colleagues and Unicyn from, inter alia, soliciting the business of any customers with whom the former HPSC employees did business while at HPSC.

ANSWER: The allegations of this paragraph are conclusions of law to which no responsible pleading is required. To the extent that there are any factual allegations therein, same are simply characterizations of documents, including court pleadings, which speak for themselves.

24.     The Bakers are informed and believe that Unicyn's negotiations with Leaf were put on hold while HPSC's lawsuit was pending.

ANSWER: With respect to what the Bakers were informed, Defendants are without any knowledge and same is denied. It is denied that Unicyn was negotiating with Leaf prior to pendency of the HPSC lawsuit and, therefore, that any such negotiations were put on hold.

25.     In or about January 2006, Unicyn settled all of the lawsuits. As a result, however, the Bakers ability to solicit business was curtailed for a period of time. The specific terms of the settlement agreement, and the details of the burdens placed on the Bakers, are the subject of a confidentiality agreement.

ANSWER: It is admitted that on or about January 2006, the aforementioned lawsuits involving Unicyn and certain employees were resolved amicably. The resolution also involved the participation and agreement of the Bakers. With regard to the effect of the resolution on the Baker's ability to solicit business, same is a conclusion of law to which no responsive pleading is required, and further, represents characterization of a document which is in writing and speaks for itself.

26.     As a result of the lawsuits, the Bakers incurred significant legal fees and costs as a result of the litigation for which they were not reimbursed.

ANSWER: The Defendants are not able to admit or deny the amount of legal fees and costs incurred by the Bakers and same is therefore denied.

27.     Nevertheless, the Bakers continued to work diligently for Unicyn, procuring numerous loans for it.

ANSWER: It is admitted that the Bakers performed services for Unicyn. The characterization that the Bakers worked "diligently" is denied as meaningless. It is admitted that the Bakers did procure certain loans for Unicyn.

28.     By the Fall of 2005, Unicyn began experiencing difficulty funding the loans procured by the Bakers and their colleagues. These difficulties increased over time.

ANSWER: It is denied that in the Fall of 2005, Unicyn was experiencing difficulty funding loans procured by the Bakers. Inasmuch as the Bakers have not defined or identified "their colleagues" Unicyn is unable to admit or deny any allegation with respect to those unnamed third parties. It is denied that some time after the Fall of 2005, Unicyn experienced funding issues.

29.     The Bakers ultimately discovered that the vast resources which Defendants represented Unicyn as having were really comprised of not much more than a line of credit. And, once that line of credit was exhausted, Unicyn's ability to fund loans dramatically diminished.

EX1 202174v5 11/15/07

ANSWER:  Defendants are unable to admit or deny what the Bakers ultimately discovered.  It is denied that Unicyn represented that it had vast resources.  It is denied that the only resources available to Unicyn consisted of a line of credit.  It is also denied that Unicyn's ability to fund loans became exhausted upon use of a single line of credit.

30.    The Bakers lost actual and potential clients as a result of Unicyn's inability to fund loans procured by them.

ANSWER:  It is denied that Unicyn was not able to fund loans procured by the Bakers. Unicyn is unable to admit or deny whether the Bakers lost actual or potential clients as a result of any actions of Unicyn.  It is admitted that Unicyn was able to provide financing to credit worthy clients when same was submitted to Unicyn by the Bakers.

31.    Not long after the settlement agreement in the lawsuits was consummated, the Bakers are informed and believe that Unicyn began negotiating anew with Leaf.

ANSWER:  It is admitted that after the settlement agreement in the lawsuits, Unicyn began negotiating with Leaf, but not that it had theretofore.  With regard to what the Bakers are informed or believe, Defendants are unable to admit or deny same.

32.    On or about April 4, 2006, Leaf acquired Unicyn.

ANSWER:  Denied.  It is denied that on April 4, 2006, Leaf acquired Unicyn.

33.    The day before Leaf's acquisition of Unicyn, Defendants informed the Bakers, both orally and in writing, that they must agree to a dramatic reduction in the nature, scope, and amount of their compensation package under Employment Agreement if they wanted to retain their positions.

ANSWER:  Denied.  It is denied that Leaf acquired Unicyn.  It is further denied that the Defendants informed the Bakers orally or in writing that they would be required to agree to any reduction in the nature, scope and amount of the compensation package if they wanted to retain their positions.  Denied as conclusions of law and attempts to characterize documents which speak for themselves, and which do not require a responsive pleading.

8

34. To this end, Schwartz tendered to the Bakers a draft agreement (the "Proposed Employment Agreement") (Ex. 2) for them to review.

ANSWER: It is admitted that Schwartz provided a draft agreement, which is attached to the First Amended Complaint as Exhibit 2, to the Bakers for review.

35. Although the Proposed Employment Agreement purported to be between Unicyn and the Bakers, it was Leaf that retained the control to terminate it. (Ex. 2, p.1.)

ANSWER: The terms of the document attached as Exhibit 2 to the First Amended Complaint are embodied in the writing attached hereto. The Plaintiff's characterizations of the document are denied as conclusions to which no responsive pleading is required. The document speaks for itself. By way of further response, Plaintiff's characterizations are inaccurate.

36. Defendants denied to the Bakers, however, that Leaf had acquired Unicyn, representing instead that the parties had simply embarked on a joint venture.

ANSWER: It is admitted that the Defendants told the Bakers that Leaf had not acquired Unicyn, as that was accurate. It is admitted that the Defendants told the Bakers that they were involved in a Referral Agreement with Leaf.

37. The Bakers, however, had learned through independent sources that Unicyn was sold to Leaf. Indeed, Leaf press releases and various SEC filings of Leafs parent company confirmed the Bakers' belief.

ANSWER: The defendants were not able to admit or deny what the Bakers may have learned through "independent sources." It is denied that Unicyn was sold to Leaf. With respect to allegations regarding press releases or SEC filings, same are characterizations of documents which are denied as conclusions to which no responsive pleading is required. The respective documents, which are not attached as Exhibits, speak for themselves. By way of further response, Plaintiff's characterization is inaccurate.

38. Thus, the Bakers requested that Defendants provide them with certain specific information concerning the transaction between Leaf and Unicyn so that they could determine whether to exercise their option to acquire 500,000 Class B Units of Unicyn.

EX1 202174v5 11/15/07

ANSWER: It is admitted that the Bakers requested certain information from Unicyn relative to the transaction between Leaf and Unicyn. Defendants are not able to admit or deny the reason for the request as that is solely within the knowledge of the Bakers.

39.    Although Defendants eventually furnished some of the information requested by the Bakers, they refused to provide much of the key information needed to enable the Bakers to determine whether to exercise their rights. Additionally, Defendants continued to represent to the Bakers that Unicyn had not been sold.

ANSWER: It is admitted that Defendant Unicyn furnished information to the Bakers in response to the Bakers in response to requests made by them. It is denied that the Defendants refuse to provide any information other than what was appropriate. Defendants are unable to determine what the Bakers consider to be "key" information, and/or what the Bakers felt they needed to enable them to determine whether to exercise such rights as they may have had as this information is solely within the knowledge of the Plaintiffs and therefore denied. It is admitted that the Defendants represented to the Bakers that Unicyn had not been sold, as this is accurate.

40.    By this point in time, the Bakers had realized that they had been duped by Defendants into leaving their employment at HPSC and believed that Defendants hired the Bakers and their colleagues solely to make Unicyn appear to be a major player in the healthcare finance sector and, thus, further Defendants own selfish motives.

ANSWER: All allegations of Paragraph 40 are denied except for those with regard to what the Bakers may or may not have realized as that information is solely within the knowledge of the Bakers.

41.    On or about June 19, 2006, the Bakers resigned their positions with Unicyn because of Defendants' material misrepresentations leading up to their execution of the Employment Agreement and Unicyn's repeated and systematic breaches of the Employment Agreement and its unilateral alteration of the material terms and conditions of their employment. (Ex. 3, the letter of June 21, 2006.)

ANSWER: It is admitted that on or about June 19, 2006, Thomas and Angela resigned from their respective positions at Unicyn. The reasons for the resignation are within the

10

knowledge of Thomas and Angela and, therefore, Defendants are not able to admit or deny the

alleged reasons for the Plaintiffs' resignation. Defendants specifically deny that any of the

reasons given have any basis in fact or law including, without limitation, claimed

misrepresentations, unilateral alteration of material terms and conditions, or repeated and

systematic breaches of the Employment Agreement. The remaining allegations in Paragraph 41

are denied.

42.     Almost immediately thereafter, Defendants, without the Bakers' permission, debited the Bakers checking accounts in the amount of their last draws, in violation of state and federal banking and privacy laws.

ANSWER: It is denied that the Defendants debited the Bakers checking accounts

following the Plaintiff's resignation. The remaining allegations of this paragraph are denied as

conclusions of law to which no responsive pleading is required.

43.     As of the date of Thomas' resignation, Unicyn owed him gross Wages on funded transactions in the amount of at least $67,343. Unicyn owed Thomas additional Wages with respect to transactions consummated after June 19, 2006 by Unicyn, including its agents, successors, assigns, and anyone acting or purporting to act on its behalf, for which Thomas was the procuring cause. Thomas is unable to ascertain the precise amount of post resignation commissions that he is owed because the information necessary to calculate that amount is in Defendants' control.

ANSWER: Denied. It is denied that Unicyn owes monies to either of the Plaintiffs.

Whether Thomas Baker is unable to ascertain the precise amount of post-resignation

commissions allegedly owed is solely within the knowledge of Thomas Baker and same is

denied.

44.     As of the date of Angela's resignation, Unicyn owed her gross Wages on funded transactions in the amount of at least $29,314. Unicyn owed Angela additional Wages with respect to transactions consummated after June 19, 2006 by Unicyn, including its agents, successors, assigns, and anyone acting or purporting to act on its behalf, for which Angela was the procuring cause. Angela is unable to ascertain the precise amount of post-resignation commissions that she is owed because the information necessary to calculate that amount is in Defendants' control.

11

ANSWER:  Denied.  It is denied that Unicyn owes monies to either of the Plaintiffs.

Whether Angela Baker is unable to ascertain the precise amount of post-resignation commissions

allegedly owed is solely within the knowledge of Angela Baker and same is denied.

45.    On January 30, 2007, Thomas and Angela each sent McGahren, Schwartz and
Unicyn a demand for payment of the amount of Wages owed to them pursuant to the Wage Act
and the Attorneys Fees in Wage Actions Act ("Wage Actions Act") (705 ILCS 225/1, *et seq.*).
(True and accurate copies of Thomas' and Angela's demand letters are attached hereto as Exhibit
2-3, respectively.)  Despite Plaintiffs' demands, Unicyn has failed to pay Plaintiffs the amount of
the Wages that they are owed.

ANSWER:  It is admitted that Exhibits 2 and 3 to the Complaint were sent to Unicyn.

Defendants denies that it has failed to pay any wages that are due for the reason that no wages

are due to Plaintiffs.  The remaining allegations in Paragraph 45 are denied.

**Count I**
**Violation of the Wage Act**
**Thomas v. McGahren**

46.    Thomas restates, realleges and incorporates Paragraphs 1-5, 8, 19- 21, 41, 43 and
45 of this Amended Complaint as if fully set forth herein.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn.  Defendants restate, re-allege

and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended

Complaint as if fully set forth herein.

47.    The Wage Act involves public rights and embodies Illinois public policy. The
purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their
employer and the evil it seeks to remedy is the forfeiture of any of those benefits.  An employer's
denial of benefits earned by his employees burdens the State financially and socially by
decreasing the tax base and potentially depleting State assistance funds.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn.  Denied as a conclusion of law

to which no responsive pleading is required.

12

48.    The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/5. With respect to separated employees, the Wage Act provides that [e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn. Denied as a conclusion of law

to which no responsive pleading is required.

49.    Because McGahren knowingly permitted Unicyn to violate the Wage Act by directly or indirectly causing it not to pay Thomas the Wages he earned, McGahren is deemed to be Thomas' "employer" pursuant to the Wage Act.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn. It is denied that Answering

Defendant knowingly permitted Unicyn to violate the Wage Act, directly or indirectly. It is also

denied that Answering Defendant caused Unicyn not to pay Thomas Baker any wages that were

earned or owing. The allegation that McGahren is a "employer" pursuant to the Wage Act is

denied as a conclusion of law to which no responsive pleading is required.

50.    Thomas' salary and commissions constitute "wages" under the WPCA.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn. Denied as a conclusion of law

to which no responsive pleading is required.

51.    Thomas has made a written demand of McGahren for payment of his compensation (i.e., the Wages) pursuant to the Wage Actions Act. Despite Thomas' demand, McGahren has failed and refused to pay Thomas his final compensation.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren

and, therefore, no response is required from Schwartz or Unicyn. It is admitted that Thomas

Baker has made a written demand of McGahren for payment of compensation pursuant to the

13

Wage Act. It is denied that any monies are due and owing to Thomas Baker as a result of his employment with Unicyn, or that McGahren has any legal responsibility to pay same.

52.    McGahren's willful refusal to pay Thomas his compensation violates the WPCA, and the Wage Actions Act.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn. Denied as a conclusion of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to dismiss Count I of the Amended Complaint and to enter judgment in his favor and against Plaintiff Thomas Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

## Count II
### Violation of the Wage Act
### Angela v. McGahren

53.    Angela restates, realleges and incorporates Paragraphs 1-5, 8, 19¬21, 41, 44 and 45 of this Amended Complaint as if fully set forth herein.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn. Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

54.    The Wage Act involves public rights and embodies Illinois public policy. The purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits. An employer's denial of benefits earned by his employees burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds.

14

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  Denied as a conclusion of law to which no responsive pleading is required.

55.    The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/3.  With respect to separated employees, the Wage Act provides that [e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  Denied as a conclusion of law to which no responsive pleading is required.

56.    Because McGahren knowingly permitted Unicyn to violate the Wage Act by directly or indirectly causing it not to pay Angela the Wages she earned, McGahren is deemed to be Angela's "employer" pursuant to the Wage Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  It is denied that Answering Defendant knowingly permitted Unicyn to violate the Wage Act, directly or indirectly.  It is also denied that Answering Defendant caused Unicyn not to pay Angela Baker any wages that were earned or owing.  The allegation that McGahren is an "employer" pursuant to the Wage Act is denied as a conclusion of law to which no responsive pleading is required.

57.    Angela's salary and commissions constitute "wages" under the WPCA.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  Denied as a conclusion of law for which no responsive pleading is required.

58.    Angela has made a written demand of McGahren for payment of her final compensation (i.e., the Wages) pursuant to the Wage Actions Act. Despite Angela's demand, McGahren has failed and refused to pay Angela her final compensation.

15

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  It is admitted that Angela Baker has made a written demand of McGahren for payment of compensation pursuant to the Wage Act.  It is denied that any monies are due and owing to Angela Baker as a result of his employment with Unicyn, or that McGahren has any legal responsibility to pay same.

59.     McGahren's willful refusal to pay Angela her final compensation violates the WPCA and the Wage Actions Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant McGahren and, therefore, no response is required from Schwartz or Unicyn.  Denied as a conclusion of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to dismiss Count II of the Amended Complaint and to enter judgment in his favor and against Plaintiff Thomas Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

## Count III
### Violation of the Wage Act
### Thomas v. Schwartz

60.     Thomas restates, realleges and incorporates Paragraphs 1-5, 8, 19–21, 41, 43 and 45 of this Amended Complaint as if fully set forth herein.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn.  Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

61.     The Wage Act involves public rights and embodies Illinois public policy. The purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits. An employer's

16

denial of benefits earned by his employees burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of law to which no responsive pleading is required.

62. The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/3. With respect to separated employees, the Wage Act provides that [e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of law to which no responsive pleading is required.

63. Because Schwartz knowingly permitted Unicyn to violate the Wage Act by directly or indirectly causing it not to pay Thomas the Wages he earned, Schwartz is deemed to be Thomas' "employer" pursuant to the Wage Act.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. It is denied that Answering Defendant knowingly permitted Unicyn to violate the Wage Act, directly or indirectly. It is also denied that Answering Defendant caused Unicyn not to pay Thomas Baker any wages that were earned or owing. The allegation that Schwartz is an "employer" pursuant to the Wage Act is denied as a conclusion of law to which no responsive pleading is required.

64. Thomas' salary and commissions constitute "wages" under the WPCA.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of law to which no responsive pleading is required.

17

65.     Thomas has made a written demand of Schwartz for payment of his compensation (i.e., the Wages) pursuant to the Wage Actions Act. Despite Thomas' demand, Schwartz has failed and refused to pay Thomas his final compensation.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. It is admitted that Thomas Baker has made a written demand of Schwartz for payment of compensation pursuant to the Wage Act. It is denied that any monies are due and owing to Thomas Baker as a result of his employment with Unicyn, or that Schwartz has any legal responsibility to pay same.

66.     Schwartz's willful refusal to pay Thomas his compensation violates the WPCA and the Wage Actions Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to dismiss Count III of the Amended Complaint and to enter judgment in his favor and against Plaintiff Thomas Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

### Count IV
### Violation of the Wage Act
### Angela v. Schwartz

67.     Angela restates, realleges and incorporates Paragraphs 1-5, 8, 19- 21, 41, 44 and 45 of this Amended Complaint as if fully set forth herein.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz and, therefore, no response is required from McGahren or Unicyn. Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

18

EX1 202174v5 11/15/07

68.    The Wage Act involves public rights and embodies Illinois public policy. The purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits. An employer's denial of benefits earned by his employees burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of

law to which no responsive pleading is required.

69.    The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/3. With respect to separated employees, the Wage Act provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn. Denied as a conclusion of

law to which no responsive pleading is required.

70.    Because Schwartz knowingly permitted Unicyn to violate the Wage Act by directly or indirectly causing it not to pay Angela the Wages she earned, Schwartz is deemed to be Angela's "employer" pursuant to the Wage Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn. It is denied that Answering

Defendant knowingly, permitted Unicyn to violate the Wage Act, directly or indirectly. It is also

denied that Answering Defendant caused Unicyn not to pay Angela Baker any wages that were

earned or owing. The allegation that Schwartz is an "employer" pursuant to the Wage Act is

denied as a conclusion of law to which no responsive pleading is required.

71.    Angela's salary and commissions constitute "wages" under the WPCA.

19

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn.  Denied as a conclusion of

law to which no responsive pleading is required.

72.    Angela has made a written demand of Schwartz for payment of her final
compensation (i.e., the Wages) pursuant to the Wage Actions Act. Despite Angela's demand,
Schwartz has failed and refused to pay Angela her final compensation.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn.  It is admitted that Angela

Baker has made a written demand of Schwartz for payment of compensation pursuant to the

Wage Act.  It is denied that any monies are due and owing to Angela Baker as a result of her

employment with Unicyn, that Schwartz has any legal responsibility to pay same.

73.    Schwartz's willful refusal to pay Angela her final compensation violates the
WPCA and the Wage Actions Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Schwartz

and, therefore, no response is required from McGahren or Unicyn.  Denied as a conclusion of

law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to

dismiss Count IV of the Amended Complaint and to enter judgment in his favor and against

Plaintiff Angela Baker, together with an award of costs, attorney's fees, and such other items as

the Court deems fit.

**Count V**
**Violation of the Wage Act**
**Thomas v. Unicyn**

74.    Thomas restates, realleges and incorporates Paragraphs 1-5, 8, 19–21, 41, 43 and
45 of this Amended Complaint as if fully set forth herein.

20

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

75.    The Wage Act involves public rights and embodies Illinois public policy. The purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits. An employer's denial of benefits earned by his employees burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

76.    The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/3. With respect to separated employees, the Wage Act provides that [e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

77.    Unicyn is deemed to be included as Thomas' "employer" pursuant to the Wage Act.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

78.    Thomas' salary and commissions constitute "wages" under the WPCA.

21

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn

and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of

law to which no responsive pleading is required.

79.    Thomas has made a written demand of Unicyn for payment of his compensation
(i.e., the Wages) pursuant to the Wage Actions Act. Despite Thomas' demand, Unicyn has failed
and refused to pay Thomas his final compensation.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn

and, therefore, no response is required from McGahren or Schwartz.  It is admitted that Thomas

has made a written demand of Unicyn for payment of compensation pursuant to the Wage Act.

It is denied that any monies are due and owing to Thomas as a result of his employment with

Unicyn, or that Unicyn has any legal responsibility to pay same.  The remaining allegations in

Paragraph 16 are denied.

80.    Unicyn's willful refusal to pay Thomas his compensation violates the WPCA and
the Wage Actions Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn

and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of

law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to

dismiss Count V of the Amended Complaint and to enter judgment in its favor and against

Plaintiff Thomas Baker, together with an award of costs, attorney's fees, and such other items as

the Court deems fit.

### Count VI
### Violation of the Wage Act
### Angela v. Unicyn

81.    Angela restates, realleges and incorporates Paragraphs 1-5, 8, 19¬21, 41, 44 and
45 of this Amended Complaint as if fully set forth herein.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

82.    The Wage Act involves public rights and embodies Illinois public policy.  The purpose of the Wage Act is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits.  An employer's denial of benefits earned by his employees burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of law to which no responsive pleading is required.

83.    The Wage Act provides that employers must pay "every employee all wages earned during the [payroll] period." 820 ILCS 115/3.  With respect to separated employees, the Wage Act provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of law to which no responsive pleading is required.

84.    Unicyn is deemed to be included as Angela's "employer" pursuant to the Wage Act.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of law to which no responsive pleading is required.

85.    Angela's salary and commissions constitute "wages" under the WPCA.

23

EX1 202174v5 11/15/07

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

86.    Angela has made a written demand of Unicyn for payment of her final compensation (i.e., the Wages) pursuant to the Wage Actions Act. Despite Angela's demand, Unicyn has failed and refused to pay Angela her final compensation.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. It is admitted that Angela has made a written demand of Unicyn for payment of compensation pursuant to the Wage Act. It is denied that any monies are due and owing to Angela as a result of her employment with Unicyn, or that Unicyn has any legal responsibility to pay same. The remaining allegations in Paragraph 23 are denied.

87.    Unicyn's willful refusal to pay Angela her final compensation violates the WPCA and the Wage Actions Act.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to dismiss Count VI of the Amended Complaint and to enter judgment in its favor and against Plaintiff Angela Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

## Count VII
### Breach of Contract
### Bakers v. Unicyn

88.    The Bakers restate, reallege and incorporate Paragraphs 1 through 45 of this Amended Complaint as if fully set forth herein.

24

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Defendants restate, re-allege and incorporate the responses to Paragraphs 1-5, 8, 19-21, 41, 43 and 45 of the Amended Complaint as if fully set forth herein.

89.     The Employment Agreement constitutes a binding and enforceable contract.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Answer denied as a conclusion of law to which no responsive pleading is required.

90.     Unicyn materially breached the Employment Agreement in one of more of the following respects: (1) failed to pay - in a timely fashion or otherwise -- the Bakers the commissions due on loans they procured; (2) failed to fund loans procured by the Bakers; (3) failed to furnish the Bakers with the information necessary to exercise their rights under the Employment Agreement; (4) misrepresented the nature of its transaction with Leaf; and (5) unilaterally altered the terms of the Bakers' employment, including their right to compensation that had already been earned.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of law to which no responsive pleading is required.  To the extent that there are factual allegations contained in Paragraph 90, Answering Defendant denies same.

91.     The Bakers performed all conditions precedent required of them under the Employment Agreement.

ANSWER:  The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz.  Denied as a conclusion of law to which no responsive pleading is required.

92.     Alternatively, the Bakers were excused from further performance of their duties under the Employment Agreement due to the prior breach of the Employment Agreement by Unicyn.

EX1 202174v5 11/15/07

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required.

93.    As a direct and proximate result of Unicyn's breach of the Employment Agreement, the Bakers have suffered damages.

ANSWER: The allegations of these Paragraphs are directed to Co-Defendant Unicyn and, therefore, no response is required from McGahren or Schwartz. Denied as a conclusion of law to which no responsive pleading is required. By way of further response, it is denied that the Bakers have suffered any damages whatsoever as a result of any actions of Unicyn.

WHEREFORE, Answering Defendant respectfully requests this Honorable Court to dismiss Count VII of the Amended Complaint and to enter judgment in its favor and against Plaintiff Thomas and Angela Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

### Count VIII
### Fraud
### Bakers v. All Defendants

94.    The Bakers repeat the allegations contained in Paragraphs 1 through 45 of this Amended Complaint as if fully set forth herein.

ANSWER: Defendants restate, re-allege and incorporate the responses to Paragraphs 1 through 45 of the Amended Complaint as if fully set forth herein.

95.    In connection with the hiring of the Bakers and after they were hired, Defendants made false statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

ANSWER: It is denied that any Defendants made false statements of material fact, or omitted to state any material facts or otherwise mislead the Bakers. The remaining allegations of this paragraph are denied as conclusions of law at which no responsive pleading is required.

26

96.    Specifically, Defendants: (a) misrepresented to the Bakers and their colleagues the nature and magnitude of the resources that Unicyn had at its disposal to fund the numerous loans that the Bakers and their colleagues anticipated procuring; (b) failed to disclose to the Bakers that they were in process of negotiating the sale of Unicyn to a third party; and (c) misrepresented the true nature of the Unicyn's transaction with Leaf.

ANSWER: Denied as a conclusion of law to which no responsive pleading is required.

To the extent that there are factual allegations contained in Paragraph 96, Defendants deny same.

97.    Defendants intended that the Bakers rely on the statements or omissions alleged above, in order to induce the Bakers to leave HPSC and join Unicyn and to refrain from exercising their rights under the Employment Agreement.

ANSWER: Denied as a conclusion of law to which no responsive pleading is required.

To the extent that there are factual allegations contained in Paragraph 97, Defendants deny same.

98.    At the time that Defendants made the misrepresentations omissions set forth above, Defendants knew that they were false, and Defendants made the representations and omissions in order to induce the Bakers to leave HPSC and join Unicyn and to refrain from exercising their rights under the Employment Agreement.

ANSWER: Denied as a conclusion of law to which no responsive pleading is required.

To the extent that there are factual allegations contained in Paragraph 98, Defendants deny same.

99.    In reliance on the misrepresentations set forth above, and reasonably and justifiably believing them to be true, the Bakers resigned from HPSC and joined Unicyn and refrained from exercising their rights under the Employment Agreement.

ANSWER: Denied as a conclusion of law to which no responsive pleading is required.

To the extent that there are factual allegations contained in Paragraph 99, Defendants deny same.

100.    As a direct and proximate result of Defendants' fraudulent conduct as set forth above, the Bakers sustained substantial monetary loss.

ANSWER: Denied as a conclusion of law to which no responsive pleading is required.

To the extent that there are factual allegations contained in Paragraph 100, Defendants deny same.

EX1 202174v5 11/15/07

WHEREFORE, Answering Defendants respectfully request this Honorable Court to dismiss Count VIII of the Amended Complaint and to enter judgment in their favor and against Plaintiff Thomas and Angela Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

## DEFENSES OF ALL DEFENDANTS

1. The Employment Agreement attached to the Complaint as Exhibit 1 provides, in pertinent part as follows: "Commission Structure: (A) In addition to the Base Salary payable to you as set forth above and expressly subject to validation of your then-current Base Salary as set forth in the next sentence, throughout the period of your employment, you will be paid ...." (emphasis added).

2. Accordingly, pursuant to the terms of the Plaintiffs' Employment Agreements, no monies are due and owing to the Plaintiffs for any reason following the period of employment.

3. Attached hereto as Exhibit A is the Commission Schedule reflecting amounts due and owing to Angela Baker for the period of time during which she was employed by Unicyn in 2006.

4. As of the final pay period, being the end of March, 2006, Angela Baker was owed commissions, the net commissions due, less salary paid for March was $1,473.41, which amount was paid to her on April 27, 2006.

5. McGahren resigned as an employee of Unicyn effective April 1, 2006, and had no responsibilities with regard to Unicyn thereafter, including but not limited to business and financial decisions, and therefore can not legally be held responsible for any wages that might be owed to Plaintiffs, which is denied in any event.

EX1 202174v5 11/15/07

6.    Pursuant to the Employment Agreement, in the section entitled "Commission Structure" subsection (D), the Plaintiffs are jointly and severally responsible to pay back any "Ramp-Up Deficit" which may exist, as defined in the cited paragraph, in the event that one or both voluntarily terminate the employment relationship with Unicyn at any time.

7.    As of the date of the termination of employment by Thomas Baker, he had a Ramp-Up Deficit of $29,017.48, see Exhibit B hereto.

8.    The Employment Agreement further provides that any Ramp-Up Deficit that was not recovered shall be immediately due and payable in full.

9.    Plaintiffs have not made any payments to Unicyn on account of the Ramp-Up Deficit.

10.    To the extent that Plaintiffs are successful in asserting a claim against McGahren, based upon amounts allegedly due or owing by Unicyn, which claims are denied, then the amounts due and owing under the Plaintiffs Ramp-Up Deficit obligation (see Exhibits A and B hereto) is available as a set-off against any monies owed by the answering Defendant.

11.    The Plaintiffs fail to state any claim upon which relief can be granted.

12.    The Plaintiffs' claims are barred and/or limited by the statute of limitations.

13.    The Plaintiffs' claims are barred and/or limited by the statute of frauds.

14.    The Plaintiffs' claims are barred and/or limited by the doctrine of waiver and/or estoppel.

15.    The Plaintiffs' claims are barred and/or limited by the doctrine of laches.

16.    The Plaintiffs' claims are barred and/or limited by the doctrine of unclean hands.

17.    The Plaintiffs' have failed to mitigate their damages.

18.    The Plaintiffs' have failed to comply with all of the obligations required of it.

EX1 202174v5 11/15/07

19.     The Plaintiffs' claims are barred and/or limited by the parol evidence rule.

20.     The Plaintiffs' have not sustained any damages as a result of any conduct on the part of Defendants.

21.     Any alleged damages, which are specifically denied, are the result of the plaintiffs' own actions and/or inactions.

22.     Defendants did not engage in any wrongful or unlawful conduct.

23.     The Plaintiffs' fail to state a claim for punitive damages against any Defendant.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss the Complaint and to enter judgment against Plaintiffs Thomas and Angela Baker, together with an award of costs, attorney's fees, and such other items as the Court deems fit.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action.

## DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS

Defendants, by and through their attorneys, allege for their Counterclaims against Plaintiffs, upon information and belief, as follows:

1.     Pursuant to the Employment Agreement, in the section entitled "Commission Structure," subsection (D), Plaintiffs are jointly and severally responsible to pay back any "Ramp-Up Deficit" (in essence, monies paid against future commissions) which may exist, as defined in the cited paragraph, in the event that one or both voluntarily terminate the employment relationship with Unicyn at any time prior to the end of the first year of employment.

2.     As of the date of the termination of employment by Thomas, he had a Ramp-Up Deficit of $29,017.48, see Exhibit B hereto.

30

EX1 202174v5 11/15/07

3.     The Employment Agreement further provides that any Ramp-Up Deficit that was

not recovered shall be immediately due and payable in full.

4.     Plaintiffs have not made any payments to Unicyn on account of the Ramp-Up

Deficit.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss the

Complaint and to enter judgment in their favor and against Plaintiffs Thomas and Angela Baker,

jointly and severally, in the amount to be determined at trial, but at least $29,017.48, together

with an award of costs, attorney's fees, and such other items as the Court deems fit.

31

| Dated: November 16, 2007 | Respectfully submitted,<br><br>Patrick McGahren, Howard Schwartz and Unicyn Financial Companies<br><br><br>By:  /s Diane R. Sabol<br>　　　One of Their Attorneys |
| --- | --- |
| Andrew S. Rosenman<br>Diane R. Sabol<br>MAYER BROWN LLP<br>71 South Wacker<br>Chicago, IL  60606-4637<br>(312) 782-0600<br>(312) 701-7711 – Facsimile<br><br>Randall C. Schauer<br>FOX ROTHSCHILD LLP<br>747 Constitution Dr., Suite 100<br>Exton, PA 19341<br>(610) 458-7500<br><br>*Attorneys for Defendants Patrick McGahren, Howard Schwartz, and Unicyn Financial Companies* | |

EX1 202174v5 11/15/07

## CERTIFICATE OF SERVICE

I, Diane R. Sabol, an attorney, hereby certify that on November 16, 2007, a copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW was served upon the party listed below via first-class mail, postage pre-paid.

s/ Diane R. Sabol
Diane R. Sabol

Paul A. Greenberg, Esq.
Howard J. Fishman, Esq.
ARONBERG, GOLDGEHN DAVIS & GARMISA
300 North Wabash Avenue, Suite 3000
Chicago, Illinois 60611

EX1 202174v5 11/15/07

# EXHIBIT A

**Angela Baker Commission Schedule**

**2006**   **2005 Overpaid Comm**   $ (7,960.59)

### January 2006

| PO# | Lessee: | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| 22170 | John Nemetz | 1/3/2006 | 8.05% | $ 26,154.40 | $ 523.09 | $ 2,767.01 | $ 1,106.80 | | $ 1,106.80 |
| 22379 | Paul J. Maher | 1/3/2006 | 8.05% | $ 12,222.25 | | $ 426.03 | $ 170.41 | | $ 170.41 |
| 22307 | Robert Larson | 1/6/2006 | 8.53% | $ 67,330.00 | $ 673.30 | $ 3,734.89 | $ 1,493.96 | | $ 1,493.96 |
| 22173 | Western Carolina | 1/10/2006 | 8.11% | $ 80,950.00 | $ - | $ 2,859.28 | $ 1,143.71 | | $ 1,143.71 |
| 22321 | David Zehnder | 1/10/2006 | 8.11% | $ 84,026.52 | $ - | $ 1,882.38 | $ 752.95 | | $ 752.95 |
| 22387 | Richland Eye Care | 1/10/2006 | 8.11% | $ 48,102.80 | $ 481.03 | $ 1,300.21 | $ 520.08 | | $ 520.08 |
| 22418 | Glen Alex | 1/10/2006 | 8.11% | $ 35,920.00 | $ - | $ 1,480.37 | $ 592.15 | | $ 592.15 |
| 21535 | Dawn Tuminello | 1/16/2006 | 8.42% | $ 177,151.02 | $ 3,597.14 | $ 13,082.51 | $ 5,233.00 | | $ 5,233.00 |
| 22512 | Chicago Cornea Assoc | 1/19/2006 | 8.06% | $ 25,455.00 | $ - | $ 865.19 | $ 346.08 | | $ 346.08 |
| 22482 | James Komendera | 1/20/2006 | 8.06% | $ 80,915.81 | $ 809.16 | $ 4,033.41 | $ 1,613.36 | | $ 1,613.36 |
| 22554 | Robert Deck | 1/23/2006 | 8.05% | $ 24,780.00 | $ - | $ 844.56 | $ 337.83 | | $ 337.83 |
| 22577 | Ohio Eyecare Spec | 1/24/2006 | 8.07% | $ 8,200.00 | $ 328.00 | $ 284.90 | $ 113.96 | | $ 113.96 |
| 22124 | Naperville Vision | 1/25/2006 | 8.16% | $ 47,240.08 | $ 447.00 | $ 1,037.70 | $ 415.08 | | $ 415.08 |
| 22597 | Center for Age Mgmt | 1/25/2006 | 8.16% | $ 47,450.00 | $ 474.50 | $ 2,482.15 | $ 992.86 | | $ 992.86 |
| | | | | $ 725,897.88 | $ 7,333.22 | $ 37,080.91 | $ 14,832.34 | $ - | $ 14,832.34 |

Less Salary for January   $ 5,538.48
Net Commission Due for January   $ 9,293.76

### February 2006

| PO# | Lessee: | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| 22135 | John D. Power, OD | 2/6/2006 | 8.26% | $ 27,144.49 | $ 271.44 | $ 982.64 | $ 393.06 | | $ 393.06 |
| 22169 | St Clair Eye | 2/6/2006 | 8.26% | $ 23,390.37 | $ - | $ 633.91 | $ 253.56 | | $ 253.56 |
| 22696 | David Sawyer | 2/6/2006 | 8.26% | $ 36,482.85 | $ 394.82 | $ 1,382.67 | $ 553.07 | | $ 553.07 |
| 22248 | Family Eye Care | 2/7/2006 | 8.27% | $ 30,944.53 | $ - | $ 774.80 | $ 309.92 | | $ 309.92 |
| 22246 | Shelly Baker | 2/16/2006 | 8.26% | $ 23,390.37 | $ - | $ 1,128.28 | $ 451.31 | | $ 451.31 |
| 22810 | Thomas Jennings | 2/27/2006 | 8.41% | $ 16,500.00 | $ - | $ 1,112.58 | $ 445.03 | | $ 445.03 |
| 22664 | Timothy McGillin | 2/28/2006 | 8.36% | $ 50,259.40 | $ 502.59 | $ 351.76 | $ 140.70 | (99.00) | $ 41.70 |
| 22699 | GM Revelle | 2/28/2006 | 8.36% | $ 8,514.68 | $ 84.15 | $ 127.46 | $ 50.96 | | $ 50.96 |
| 22771 | Westside Medical | 2/28/2006 | 8.36% | $ 40,950.00 | $ 409.50 | $ 5,770.92 | $ 2,308.37 | | $ 2,308.37 |
| 22847 | Western Carolina | 2/28/2006 | 8.36% | $ 9,100.00 | $ - | $ 895.01 | $ 358.00 | | $ 358.00 |
| | | | | $ 271,676.69 | $ 1,662.50 | $ 13,160.03 | $ 5,264.01 | $ (99.00) | $ 5,165.01 |

Less Salary for February   $ 5,538.48
Net Commission Due (O/PD) For February   $ (373.47)
Cumulative Commission Due (O/PD) For February   $ 8,920.30   Paid 3/24/06

### March 2006

| PO# | Lessee: | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| 22519 | Whitson Vision | 3/7/2006 | 8.86% | $ 248,119.81 | $ 5,257.00 | $ (1,738.52) | $ (695.41) | $ - | $ (695.41) |
| 22579 | Vision Surgeons | 3/22/2006 | 8.44% | $ 20,997.90 | $ 209.90 | $ 72.47 | $ 28.99 | (98.00) | $ (70.01) |
| 22623 | Phil Davis | 3/14/2006 | 8.52% | $ 36,500.00 | | $ 1,178.83 | $ 471.53 | $ - | $ 471.53 |
| 22720 | Richard Bursus | 3/9/2006 | 8.50% | $ 28,475.00 | $ 284.75 | $ 1,281.15 | $ 512.46 | $ - | $ 512.46 |
| 22732 | Looking Glass Assoc | 3/10/2006 | 8.49% | $ 4,240.00 | $ 42.40 | $ 215.54 | $ 86.22 | $ - | $ 86.22 |
| 22880 | David Spencer | 3/22/2006 | 8.44% | $ 24,733.00 | $ 247.33 | $ 282.72 | $ 113.09 | $ - | $ 113.09 |
| 22890 | Paul Veld | 3/30/2006 | | $ 20,531.00 | $ 452.82 | $ 671.57 | $ 268.63 | $ - | $ 268.63 |
| 22823 | Nicole Ancich | 3/29/2006 | | $ 36,300.00 | $ - | $ 1,046.90 | $ 418.76 | $ - | $ 418.76 |
| 22667 | Anthem Hills Dental | 3/31/2006 | | $ 36,300.00 | $ 502.00 | $ 1,514.61 | $ 605.84 | $ - | $ 605.84 |
| 22270 | McNamer Optical | 3/28/2006 | | $ 8,200.00 | $ 164.00 | $ 53.74 | $ 21.50 | $ - | $ 21.50 |
| 22227 | Belli Eyecare | 3/28/2006 | | $ 200,604.02 | $ 4,012.06 | $ 14,841.27 | $ 5,936.51 | (99.00) | $ 5,837.51 |
| 22869 | Steven A Shadwick | 3/29/2006 | | $ 12,000.00 | $ 120.00 | $ 49.39 | $ 19.76 | $ - | $ 19.76 |
| 22694 | Anthem Hills Dental | 3/31/2006 | | $ 36,300.00 | $ - | $ 2,016.61 | $ 806.64 | $ - | $ 806.64 |
| | | | | $ 713,300.73 | $ 11,292.06 | $ 21,486.28 | $ 8,594.51 | $ (198.00) | $ 8,396.51 |

Less Salary for March   $ 6,923.10
Net Commission Due (O/PD) For March   $ 1,473.41
Cumulative Commission Due (O/PD) For March   $ 1,473.41

# EXHIBIT B

# Tom Baker Commission Schedule
## 2006

**2005 Overpaid Comm**    $ (32,260.43)

### January 2006

| PO# | Lessee: | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| 21523 | Brennan & Peloquin | 1/30/2006 | 8.40% | $ 464,274.96 | | $ 21,849.38 | $ 8,739.75 | | $ 8,739.75 |
| 21664 | Richard Hoffman | 1/5/2006 | 8.59% | $ 53,429.46 | | $ 3,318.88 | $ 1,327.55 | | $ 1,327.55 |
| 21678 | Great Smiles Family Dental | 1/30/2006 | 8.59% | $ 350,614.82 | $ 3,718.00 | $ 11,524.71 | $ 4,609.88 | | $ 4,609.88 |
| 22546 | AA Dental Care | 1/6/2006 | 8.07% | $ 77,880.00 | $ 1,574.32 | $ 4,632.17 | $ 1,852.87 | | $ 1,852.87 |
| 22659 | Jose L. Valle | 1/31/2006 | 8.76% | $ 20,000.00 | | $ 3,179.24 | $ 1,271.70 | | $ 1,271.70 |
| | | | | $ 966,199.24 | $ 5,292.32 | $ 44,504.38 | $ 17,801.75 | | $ 17,801.75 |

Less Salary for January
Net Commission Due (O/PD) For January
Cumulative Commission Due for January    $ 17,801.75

### February 2006

| PO# | Lessee: NONE | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $ - | $ - | $ - | $ - | | $ - |

Less Salary for February
Net Commission Due (O/PD) For February
Cumulative Commission Due (O/PD) For February    $ -

### March 2006

| PO# | Lessee: | Date Funded: | Cost of Funds | Equipment Cost: | O/S Comm | Profit: | 40% Comm. | Fee Shortage | Net Comm. |
|---|---|---|---|---|---|---|---|---|---|
| 22420 | American Brite Dental | 3/13/2006 | 8.52% | $ 31,509.09 | 630.00 | $ 710.93 | $ 284.37 | - | $ 284.37 |
| 21771 | Spiro Spyratos | 3/31/2006 | n/a | $ 279,828.65 | - | $ 26,034.50 | $ 10,413.80 | | $ 10,413.80 |
| 22106 | Sean Rardin | 3/27/2006 | 8.59% | $ 110,000.00 | - | $ 10,812.76 | $ 4,325.10 | | $ 4,325.10 |
| 22900 | John Bennet | 3/20/2006 | 8.74% | $ 39,723.42 | 794.00 | $ 1,044.73 | $ 417.89 | | $ 417.89 |
| | | | | $ 461,061.16 | $ 1,424.00 | $ 38,602.92 | $ 15,441.17 | | $ 15,441.17 |

Less Salary for March
Net Commission Due (O/PD) For March    $ 11,538.45
Cumulative Commission Due (O/PD) For March    $ 3,902.72
Cumulative Commission Due (O/PD) For 2005&2006    $ 3,242.95
$ (29,017.48)